**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: ) | Chapter 11 | |
| ) | | |
| IYS VENTURES, LLC, ) | Case No. 23-06782 | |
| ) | | |
| Debtor. ) | Hon. David D. Cleary | |
| _____) | | |
| ) | | |
| IYS VENTURES, LLC., as Debtor and ) | | |
| Debtor-in-Possession, ) | | |
| ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Adv. Case No. 23-00194 | |
| ) | | |
| ITRIA VENTURES, LLC; FOX CAPITAL ) | | |
| GROUP, INC., BYZFUNDER NY, LLC, ) | | |
| and THE HUNTINGTON NATIONAL ) | | |
| BANK ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

**ANSWER TO DEBTOR'S COMPLAINT FOR DETERMINATION OF
NATURE, EXTENT AND PRIORITY OF LIENS AND INTERESTS**

NOW COMES Byzfunder NY, LLC ("Byzfunder"), by and through its undersigned counsel, and for its Answer to Debtor's Complaint For Determination of Nature, Extent and Priority of Liens and Interests states as follows:

**JURIDSDICTION AND VENUE**

1. On May 23, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

**ANSWER:** Admit.

1

2. The Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to 11 U.S.C. §§1107 and 1108; and, no trustee has been appointed in this case.

**ANSWER:** Admit.

3. This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. § 1334, and Rule 7001 Fed. R. Bankr. P. *et seq*.

**ANSWER:** Admit.

4. This is a core proceeding pursuant to Title 28 U.S.C. § 157(b)(2)(A), (B), (M), and/or (O), and 11 U.S.C. §105(a), in which this Court is empowered to enter final judgment. Further, this Court has the Constitutional authority to adjudicate the merits of the subject matter of this proceeding. The Debtor consents to this Court's adjudication of this matter by the entry of a dispositive order.

**ANSWER:** Admit.

5. Venue is proper in this District pursuant to Title 28 U.S.C. § 1409(a).

**ANSWER:** Admit.

## PARTIES

6. The Debtor is an Illinois limited liability company engaged in the business of owning, leasing and operating gasoline stations selling gasoline, food and beverages to its retail customers at stations located in multiple states, including Mississippi, Virginia, Louisiana, South Dakota, Illinois, Indiana, Michigan, Ohio, Minnesota and Wisconsin.

**ANSWER:** Admit.

4[sic]. ITRIA VENTURES, LLC, ("Itria") is a financial services company that offers diverse programs to its customers. Between November 16, 2021, and February 14, 2022, Itria entered into five agreements with the Debtor entitled Future Receivables Sales Agreements whereby Itria extended credit in the aggregate amount of $1,300,000.00 to the Debtor through the

purported purchase of the future receivables of the Debtor's business. Itria took a security interest in the assets of the Debtor and allegedly perfected its security interest by filing with the Secretary of State of Illinois a UCC-1 financing statement.

**ANSWER:** Byzfunder lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4[sic].

5 [sic].  FOX CAPITAL GROUP, INC., ("Fox") is a financial services company that offers diverse programs to its customers. On August 9, 2022, and November 23, 2022, Fox entered into two agreements with the Debtor and its affiliates whereby Fox extended credit of $500,000.00 to the Debtor through the purported purchase of the future receivables of the Debtor's business. Fox took a security interest in the assets of the Debtor and allegedly perfected its security interest by filing with the Secretary of State of Illinois a UCC-1 financing statement.

**ANSWER:** Byzfunder lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5[sic].

6[sic].  BYZFUNDER NY, LLC, ("Bzyfunder") is a financial services company that offers diverse programs to its customers. On October 25, 2022, Bzyfunder entered into an agreement with the Debtor and its affiliates whereby Fox extended credit of $325,000.00 to the Debtor through the purported purchase of the future receivables of the Debtor's business. In addition, Byzfunder took a security interest in the assets of the Debtor and allegedly perfected its security interest by filing with the Secretary of State of Illinois a UCC-1 financing statement.

**ANSWER:** Byzfunder denies that it extended credit to the Debtor.  Instead, it purchased receivables from the Debtor.  Byzfunder admits the remaining allegations in Paragraph 6[sic] of the Complaint.

7[sic].  THE HUNTINGTON NATIONAL BANK ("Huntington") filed suit in the United States District Court for the Northern District of Illinois against the Debtor and its affiliates under case number 23-cv-01368 on March 6, 2023, seeking judgment in the sum of $1,880,075.01. The District Court granted the motion of Huntington and entered an attachment order on March 16, 2023, against assets of the Debtor including but not limited to bank accounts, motor vehicle, the residence of the guarantor and principal owner of the equity interests of the Debtor, and one of the Debtor's stations situated in the State of Illinois. On June 22, 2023, the Debtor commenced an Adversary Proceeding 23-ap-0168 against Huntington under §547 of the Bankruptcy Code, 11 U.S.C. §547 to avoid its attachment against assets of the Debtor as a preferential transfer, which action is pending before this Court.

**ANSWER:**  Byzfunder lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7[sic] of the Complaint.

### FACTS

8[sic]. Itria, Fox, Byzfunder and Huntington each allegedly assert either (a) interests in assets of the Debtor and/or (b) a security interest in the assets of the Debtor.

**ANSWER:** Byzfunder admits that it has interests in property that were granted by the Debtor and a security interest in property but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint.

9[sic]. There is no known method of identifying which receivables may have been purchased by Itria as opposed to being purchased by Fox as opposed to being purchased by Byzfunder.

**ANSWER:**  Byzfunder denies the allegations in Paragraph 9 of the Complaint.

10[sic]. Further, the Debtor contends that the agreements between Itria, Fox and Byzfunder grant security interests to those parties as the agreements constitute disguised security agreements.

**ANSWER:** Byzfunder denies the allegations in Paragraph 10 of the Complaint.

11[sic]. Itria, Fox and Byzfunder also assert a perfected security interests in the assets of the Debtor and the cash proceeds of those assets.

**ANSWER:** Byzfunder admits that it has a perfected security interest, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11[sic] of the Complaint.

12[sic]. Huntington claims an interest pursuant to its Attachment Order in and to the cash balances contained in the Debtor's bank accounts which received deposits of proceeds of the sales of the Debtor.

**ANSWER:** Byzfunder lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 12[sic] of the Complaint.

13[sic]. The respective rights of Itria, Fox, Byzfunder and Huntington in the various assets and the proceeds thereof of the Debtor are uncertain and contradictory *inter se*, resulting in the uncertainty of the respective rights of Itria, Fox, Byzfunder and Huntington as to the nature, extent and priority of those adverse rights.

**ANSWER:** Byzfunder denies the allegations in Paragraph 13 of the Complaint.

14[sic]. The uncertainty of the nature, extent and priority of the rights of these creditors render it impossible to determine the appropriate treatment of those rights for the purposes of providing adequate protection, lien priority and payment under a plan.

**ANSWER:** Byzfunder denies the allegations in Paragraph 14 of the Complaint.

15[sic]. Doubt exists as to the continued existence on the Petition Date of the accounts receivable which Itria, Fox and Byzfunder assert to hold an interest against. Further, the accounts receivable generated after the Petition Date by the Debtor-in-Possession are not subject pursuant to §552 of the Bankruptcy Code to the rights of these creditors.

**ANSWER:** Byzfunder denies that the accounts receivable generated after the Petition Date by the Debtor-in-Possession are not subject to its rights and interests but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15[sic].

**WHEREFORE**, Byzfunder respectfully requests that this Honorable Court enter an order finding that it has the seniormost security interest in the accounts and proceeds that it purchased from the Debtor and that Section 552 of the Bankruptcy Code is inapplicable to its security interest in the property that it purchased and grant such other and further relief as this Court deems just and property considering the facts and circumstances of this case.

Dated: August 26, 2023                              Respectfully Submitted,

                                                    KAMINSKI LAW, PLLC

                                                    */s/ Shanna M. Kaminski*
                                                    Shanna M. Kaminski
                                                    P.O. Box 247
                                                    Grass Lake, Michigan 49240
                                                    (248) 462-7111
                                                    skaminski@kaminskilawpllc.com

.