**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS VENTURES, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |
| IYS VENTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 23-ap-00194 |
| | ) | |
| ITRIA VENTURES LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT-PRETRIAL STIPULATION OF LAW AND FACTS AS TO DEFENDANT, THE HUNTINGTON NATIONAL BANK**

Defendant, The Huntington National Bank ("**Huntington**") on the one hand and, on the other hand, Plaintiff, IYS Ventures, LLC ("**Plaintiff**" or "**IYS**"), Defendants, Fox Capital Group, Inc. ("**Fox**"), EBY-Brown Company, LLC ("**EBY-Brown**"), Itria Ventures, LLC ("**Itria**"), and Byzfunder NY, LLC ("**Byzfunder**") by and through their undersigned counsel stipulate to the following findings of fact and conclusions of law as to Huntington:

**A. Huntington's Purchase Money Security Interest**

1. Huntington, is the assignee of certain equipment finance agreements by Plaintiff that were dated for August 11, 2021 and August 30, 2021 and originated by Patriot Capital Corporation (the "**EFAs**"). The EFAs were secured by a security agreement (the "**Huntington Security Interests**") in certain gas station pump equipment ("the "**Pumps**") delivered to and presently located at Plaintiff's gas stations located in West Lake, Ohio, West Cheser Twp, Ohio,

Schererville, Indiana and Orland Park, Illinois (the "**Locations**"). **Exhibit 1**, "Equipment Finance Agreements;" **Exhibit 2**, "Financing Statements."

2. Debtor is an Illinois limited liability company, therefore, the Huntington Security Interests are governed by 810 ILCS 5/Article 9 *et seq.* 810 ILCS 5/9-301, 810 ILCS 5/9-307.

3. Huntington recorded its UCC-1 Financing Statements with the Illinois Secretary of State on August 16, 2021 (Financing Statement No. 027571883) and on September 1, 2021 (Financing Statement No. 027634281) (the "Financing Statements"). **Exhibit 2**.

4. The Financing Statements contained an accurate debtor name and an accurate description of the collateral. **Exhibit 2**; 810 ILCS 5/9-503, 810 ILCS 5/9-504 and 810 ILCS 5/9-108.

5. After the Financing Statements were recorded, the Pumps were delivered to the Locations, as a result, the Huntington Security Interests were perfected and are valid. 810 ILCS 5/9-317(e).

6. The Huntington Security Interests were perfected prior to the date of the liens asserted by Fox, EBY-Brown, Itria and Byzfunder.

**7.** As of the petition date, the Pumps were valued at the amount of at least $67,497.02 and up to $90,000 therefore, as of the undersigned date, the Huntington Security Interests are secured at least in the amount of $67,497.02 and up to $90,000.00.

**B. Huntington's Prejudgment Attachment Lien**

8. Huntington obtained a certain pre-judgement attachment lien pursuant to Order on Motion for Prejudgment Attachment entered on March 16, 2023 in the action styled *The Huntington National Bank vs. IYS Ventures, LLC*, *et al.*, Case No. 1:23-cv-01368 (the "**Attachment Lien**").

9. IYS avoided the Attachment Lien subject to certain terms and conditions as set forth in the consent judgment entered in *IYS Ventures, LLC v. The Huntington National Bank*, Case No. 23-168 (NB Ill) [Doc 18] (the "**Consent Judgment**").

**C. Conclusion**

10. Based on the foregoing stipulation of law and facts, there remains no further controversy of law or fact in dispute as the priority, validity and extent of Huntington's liens as between it and Plaintiff, IYS and each of the Defendants, Fox, EBY-Brown, Itria and Byzfunder.

11. Nothing herein shall be considered of a waiver of any the parties' rights, claims, or defenses with respect to the asserted security interests of Defendants, Fox, EBY-Brown, Itria and Byzfunder.

STIPULATED AND AGREED:

IYS VENTURES, LLC, DEBTOR
AND PLAINTIFF:

/s/ Gregory K. Stern
Gregory K. Stern, Esq.
Gregory K. Stern PC
Dated: April 10, 2024

FOX CAPITAL GROUP, INC.

/s/ Shanna Kaminski
Shanna Kaminski, Esq.
Kaminski Law PLLC
Dated: April 10, 2024

ITRIA VENTURES, LLC

/s/ C. Kevin Kobbe
C. Kevin Kobbe, Esq.
DLA Piper LLP (US)
Dated: April 10, 2024

Byzfunder NY, LLC

/s/ Shanna Kaminski
Shanna Kaminski, Esq
Kaminski Law PLLC
Dated: April 10, 2024

EBY-BROWN COMPANY, LLC

/s/ William Kane
William Kane, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Dated: April 10, 2024

THE HUNTINGTON NATIONAL BANK

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson, Esq.
Taft Stettinius & Hollister, LLP
Dated: April 10, 2024

# EXHIBIT 1
EQUIPMENT FINANCE AGREEMENTS

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# EQUIPMENT FINANCE AGREEMENT (this or the "EFA")

EFA No.: [redacted] Date: 8/2/2021

| **Creditor ("we," "us" and "our"):**<br>PATRIOT CAPITAL CORPORATION<br>3565 PIEDMONT ROAD NE<br>BUILDING 1, SUITE 430<br>ATLANTA, GA 30305 | **Debtor ("you" or "your"):**<br>IYS VENTURES, LLC<br>15416 S 70TH CT<br>ORLAND PARK, IL 60462 | |
|---|---|---|
| **Equipment Supplier: See attached Schedule A**<br>**Equipment Location: See attached Schedule A** | **Financed Equipment Description ("Equipment"): See Schedule A attached hereto and incorporated herein by this reference.** | |
| **Advanced Payment (if any): $21,429.12**<br>**Security Deposit (if any): $0**<br>**AMOUNT FINANCED: $351,057.76** | **Monthly Installment Payment (each a "Payment" or collectively the "Payments"): $10,714.56** | **Term: 36 (Months)** |

**AGREEMENT.** Creditor agrees to lend to Debtor and you agree to borrower from us an amount for the financing of the Equipment. You authorize us to pay the supplier(s) for the Equipment. This EFA shall not be effective and credit will not be extended or advanced to the Debtor or supplier(s) until: (1) this EFA is executed by the Debtor; (2) all guaranty agreements are executed by the guarantors; and (3) the original EFA and original guaranty agreements are received by Creditor and accepted in writing by an authorized representative of Creditor at its place of business. You authorize us to commence this EFA. You authorize us to insert or correct information in this EFA, including your proper legal name, address, serial numbers and any other information describing the Equipment. You acknowledge that the payment obligations hereunder have commenced notwithstanding that the Equipment may not been delivered, installed or accepted by you. Amounts received by us under this EFA shall be applied as we determine. Debtor promises to pay Creditor the Payments set forth above. Prior to or upon execution of this EFA, you will deliver to us the Advance Payment as set forth above, which you agree is non-refundable. Payments may be adjusted upward or downward no more than fifteen percent (15%) to reflect actual cost. The first Payment is due at the commencement of Creditor's applicable billing cycle as specified by the Creditor; each subsequent Payment is due on the same date of each preceding month until all Payments have been received by Creditor. Each date a Payment is due is a "Due Date." Along with the Payment due on the first Due Date, you also agree to pay to us interim payments in the amount equal to 1/30th of the monthly Payment multiplied by the number of days lapsing between the date on which the payment is made to supplier (either partial or full) and the agreed upon first Due Date (the "Interim Payment"). The Interim Payment shall be due upon execution of this EFA. Any amount not paid when due is subject to a late charge of fifteen percent (15%) of the delinquent amount or if less, the maximum charge allowed by law. You acknowledge and agree that you shall bear sole responsibility for and shall have no claim against and Lender shall have no liability in the event the Equipment is: (a) not delivered; (b) damaged during transit (c) not properly installed or functioning upon installation; (d) defective or otherwise fails to perform in accordance with Supplier's specifications; or (e) otherwise unacceptable to you for any other reason. The Security Deposit (if any) provided above is non-interest bearing and is to secure you performance under this EFA. The Security Deposit (if any) made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the Security Deposit to its full amount as set forth above. We may commingle the Security Deposit with other funds. If all conditions herein are fully complied with and provided you have not ever been in default of EFA, the Security Deposit will be refunded to you upon receipt of all payments due.

**GRANT OF SECURITY INTEREST.** You hereby grant us a perfected, first priority purchase money security interest in the Equipment, all accession and additions thereto, replacements, repairs, upgrades or substitutions thereof, and all proceeds to secure all of your obligations under this EFA and all other obligations to us or our assigns now existing or hereinafter created. You authorize us to record a UCC-1 financing statement or similar instrument electronically or otherwise to show our interest in the Equipment. You agree to take any other action we request to protect our rights under this EFA from time to time and that we may report a copy of this Agreement as a financing statement. You will provide any landlord or mortgagee waiver we request to protect our interest in the Equipment. You authorize us as your agent and attorney-in-fact to endorse your name to any notes, checks, or other instruments for the payment of money relating to the Equipment (including insurance).

**DISCLAIMER OF WARRANTIES AND CLAIMS.** WE MAKE NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, TO ANY MATTER WHATSOEVER INCLUDING THE MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE THE EQUIPMENT. All references to "Equipment" shall include software and/or software licenses. Debtor understands that supplier may retain title to anything described as software or software licenses. Debtor acknowledges receiving a copy of any software license agreements and agrees to be bound by the terms and conditions of such licenses. WE MAKE ABSOLUTELY NO WARRANTY OF ANY KIND IN REGARDS TO SUCH SOFTWARE AND WE EXPRESSLY DISCLAIM ANY WARRANTY THAT NO PERSON HOLDS A CLAIM TO OR INTEREST IN ANY SOFTWARE OR LICENSE (NOT ARISING SOLELY FROM ANY ACT OR OMISSION BYLENDER) THAT WILL INTERFERE WITH DEBTOR'S ENJOYMENT OF ITS INTEREST IN THE LICENSE OR SOFTWARE. This EFA is irrevocable and may not be terminated by Debtor during the Term hereof for any reason whatsoever. **Your obligation to pay all amounts hereunder is non-cancellable, absolute, and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, even if the Equipment is damaged, destroyed or defective.** You acknowledge you selected the Equipment and the supplier and your supplier is not our agent, nor are we their agent. You acknowledge that no one, including the supplier, has been authorized to waiver or change any term or condition of this EFA. No representation by the supplier as to any matter shall bind us or affect your duty to pay all amounts and perform all obligations hereunder. You will continue to make all payments under this EFA regardless of any claim or complaint against the supplier. You will use the Equipment for commercial purposes only, in compliance with the law and not for any personal, family or household use.

**EQUIPMENT.** You will not modify or change the location of the Equipment without our proper consent and allow us to inspect it upon our request. At your expense, you will maintain the Equipment in good operating condition and repair. You will keep the Equipment free and clear of all liens and encumbrances.

COPY VIEW

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

EQUIPMENT FINANCE AGREEMENT (this or the "EFA")
EFA No.: ██████ Date: 8/2/2021

Titled Equipment will be titled and/or registered as we direct. You are the owner of the Equipment and you are responsible for any damage or destruction to the Equipment. No such damage or destruction relieves you from the payment obligations under this EFA. You will promptly notify us in writing of any damage or destruction to the Equipment and you will, at our election, repair the Equipment at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term, discounted at the lower of 3% or the then current discount rate of the Federal Reserve Bank of Atlanta as calculated by us.

**FEES AND TAXES.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Equipment ("Taxes") and reimburse us for those Taxes we pay on your behalf. If we pay any of the above for you, you agree to reimburse us and pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code (UCC) or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You also acknowledge that in addition to the other obligations due under this EFA, we may assess and you may be required to pay additional taxes and/or fees including an invoice fee. Such fees may not only cover our costs, they may also include a profit.

**INSURANCE.** During the Term, you will maintain insurance in an amount not less than the replacement cost of the Equipment, as well as, commercial general liability and other forms of insurance, in each case with insurers reasonably acceptable to the Creditor, naming us loss payee and additional insured. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge. At our option, in lieu of obtaining or continuing insurance, we may require you to pay a monthly additional fee, which, on an annual basis, will not exceed two percent (2%) of the cost of the Equipment. This fee is not calculated with reference to additional risk nor constitutes additional profit for us, but represents the basis on which we are willing to forebear from exercising remedies and continue this EFA without required insurance. You will receive no insurance coverage and will not be released from any obligation under this EFA. **WE ARE NOT SELLING INSURANCE.** We will cease charging the additional fee or billing for insurance 30 days after you provide satisfactory proof of insurance and compliance with this section.

**DEBTOR INDEMNIFICATION.** You hereby agree to defend, indemnify and hold us and our agents, successors, assignees and employees harmless from any and all liability, damage, penalty, claims, actions, expenses, disbursements or loss, including attorneys' fees and court costs, arising out of or relating to this EFA, liabilities you have assumed hereunder, and the purchase, sale, financing, ownership, selection, installation, design, licensing, possession, operation, control, use, maintenance, servicing, repair, storage, shipment, transportation or delivery of the Equipment. The indemnities contained herein shall survive the expiration or other termination of this EFA.

**DEFAULT AND REMEDIES.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due; (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under any federal or state bankruptcy or insolvency law, or a trustee, receiver or liquidator is appointed for all or substantially all of your assets; (iii) you breach any other obligation contained in this EFA; (iv) you are in default under any other loan or finance agreement or lease or any other agreement, whether presently or hereafter held by us or our assignee; (v) a writ or order of attachment or execution or other legal process is levied on or charged against the Equipment which is not released or satisfied within 10 days; (vi) you consolidate with merge into, transfers all or substantially all of your assets, or have a change of control, to or with, another entity or individual; (vii) any statement, representation or warranty, whenever made, by or on behalf of you to us or our assigns was false or misleading when made; (viii) you give us, in our opinion, reasonable cause to doubt your willingness or ability to fully perform any of your obligations to us; or (ix) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any of the following: (a) terminate this EFA; (b) foreclose on our security interest and require you to immediately turn over the Equipment to us, or we may peaceably repossess the same without liability for trespass, and upon receipt of the Equipment, sell the Equipment at terms we determine at one or more private sales, and apply the net proceeds (after deducting any related expenses) to your payment obligations, and you will remain liable for any deficiency with any excess being retained by us; (c) declare all sums due and to become due hereunder immediately due and payable, all future Payments discounted at the lower of three percent (3%) or the then-current discount rate of the Federal Reserve Bank of Atlanta as calculated by us, plus interest thereafter at a rate of eight percent (8%) per annum, plus any other sums and/or damages; (d) sell, dispose of, hold, or lease the Equipment; (e) exercise any other right or remedy which may be available to us under applicable law, including, but not limited to rights and remedies available under Article 9 of the UCC. You shall reimburse us for all costs we incur in enforcing our rights (including our attorneys' fees) and costs of repossession, repair, storage and remarketing of the Equipment. A waiver of default will not be a waiver of any other subsequent default. Any delay or failure to enforce our rights under this EFA does not prevent us from enforcing any rights at a later time, and the exercise of any remedy shall not prevent the exercise of any other remedy.

**GENERAL. This EFA will be deemed fully executed and performed in the state of Georgia or the state of our assignee's principal place of business as this EFA may be assigned from time to time pursuant to this section.** This EFA shall be governed and construed under the laws of the State of Georgia (GA) or the laws of the state of our assignee's principal place of business, without reference to its principle of conflicts of laws. You submit to the jurisdiction of GA or the state of our assignee's principal place of business, and agree that the state and federal courts sitting in GA or any state or federal court sitting in the state of our assignee's principal place of business shall have the exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising under this EFA. You waive any objection based upon improper venue and/or forum non-conveniens. You agree that we will not be responsible to pay you any consequential or incidental damages for any default by us under this EFA. **You will not assign your rights under this EFA, or permit the Equipment to be used by anyone but you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now but they do not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set offs that you may have against us.** This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. Failure of Creditor to demand due performance of any provision of this EFA shall not be deemed a waiver thereof, and Creditor may demand such performance at any time. If any provision of this EFA is invalidated by a court, all other provisions shall remain in effect. You will promptly execute and deliver to us such further documents and take such further actions as we may request in order to carry out more effectively the intent and purpose of this EFA. You represent and warrant to us that (i) this EFA constitutes a legal, valid, and binding obligation, enforceable against you in

COPY VIEW

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian



## EQUIPMENT FINANCE AGREEMENT (this or the "EFA")

EFA No.: ████  Date: 8/2/2021

accordance with its terms; (ii) you have the ability to perform all of your obligations under this EFA; and (iii) all information conveyed to us in connection with this EFA and all related documents (collectively with the EFA, the "EFA Documents"), whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts, which together shall be the same instrument. You agree to conduct business with Creditor electronically, which includes receiving and executing the EFA Documents by electronic means. The words "execution," "signed," "signature," and words of like import in or related to any of the EFA Documents and the transactions contemplated hereby (including amendments or other modifications, notices, waivers or consents associated with the EFA Documents) shall be deemed to include electronic signatures, the electronic matching of assignment terms and contract formations on electronic platforms approved by Creditor or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper-based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law, including the Federal Electronic Signatures in Global and National Commerce Act, the Georgia Uniform Electronic Transactions Act, or any other similar state laws based on the Uniform Electronic Transactions Act; provided that notwithstanding anything contained herein to the contrary, Creditor is under no obligation to agree to accept electronic signatures in any form or in any format unless expressly agreed to by Creditor pursuant to procedures approved by it. A copy of this EFA (whether delivered by facsimile, in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. All fees may not only cover our costs but may include a profit. As long as you are not in default under this EFA, you may repay this EFA by paying an amount equal to the sum of any and all remaining Payments and any and all other fees currently due and payable, including but not limited to any prepayment fees and/or taxes. If Debtor constitutes more than one person, the liability of each shall be joint and several. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor or Creditor (as the case may be) at its address set for above, or such other address given to the sender by written notice.

By signing below, Debtor hereby certifies that you have reviewed and agree to all the terms and conditions contained in this EFA, irrevocably accepts the Equipment under the EFA, and irrevocably authorizes Creditor to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid binding act of the Debtor.

| Debtor Name: IYS VENTURES, LLC | Accepted by PATRIOT CAPITAL CORPORATION |
|---|---|
| By: _DocuSigned by:_ CB44BBB35FA24C2... | By: _DocuSigned by: Toby Evans_ DD7D3CD64A08495... |
| Print Name and Title: MUWAFAK RIZEK –  PRESIDENT | Print Name and Title: Toby Evans    Vice President |
| Date: 8/11/2021 | Date: 8/12/2021 |
| Federal Tax ID: ████ | |

### INTERIM PAYMENT ACKNOWLEDGEMENT

This purpose of this section is to summarize the topic of the Interim Payment (as defined above in the EFA). As stated within the AGREEMENT section of the EFA, you agree to pay us or our assignees the Interim Payments in the amount equal to 1/30 of the monthly payment multiplied by the number of days lapsing between the date on which payment is made to supplier (either partial or full) and the agreed upon first Due Date.
I acknowledge that I have read and understand both the EFA and this Interim Payment Acknowledgement and agree to all terms and conditions herein and will pay any billed Interim Payment.

By: _DocuSigned by:_
CB44BBB35FA24C2...

Print Name and Title: MUWAFAK RIZEK –  PRESIDENT

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

PATRIOT
CAPITAL
CORPORATION

EQUIPMENT FINANCE AGREEMENT (this or the "EFA")
EFA No.: ████ Date: 8/2/2021

# STATEMENT OF AUTHORITY

**CORPORATE, LIMITED LIABILITY COMPANY, OR PARTNERSHIP STATEMENT OF AUTHORITY**

This Statement of Authority is executed pursuant to the Business Corporations Act, Limited Liability Company Act, Partnership Act (as the case may be) of the state of **IL** (insert the State of incorporation or registration) regarding **IYS VENTURES, LLC** (insert the name of Debtor) (the "Company" or the "Partnership").

The following persons are the Directors or Officers of the Company, the Members, Managers or Officers of the Company, or the General Partners of the Partnership (as the case may be) and have full power and authority to act on behalf of the Company or Partnership (as the case may be) and execute all instruments on behalf of the Company or Partnership (as the case may be) and to any contract, including, but not limited to, this Equipment Finance Agreement.

| Print Name | Title | Signature |
|---|---|---|
| **MUWAFAK RIZEK** | **PRESIDENT** | **X** DocuSigned by: [signature] CB44BBB35FA24C2... |

The authority of the foregoing persons to bind the Company or the Partnership (as the case may be) is not limited.

**Debtor Name: IYS VENTURES, LLC**

**By:** DocuSigned by: [signature] CB44BBB35FA24C2...

**Print Name and Title: MUWAFAK RIZEK - PRESIDENT**

**Date:** 8/11/2021

COPY VIEW

DocuSign Envelope ID: A2FC464D-5109-4A04-9552-C3FF8EB5C06E

DocuSign Envelope ID: C9D60E94-F80F-432D-8D39-3D0964890C91

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

PATRIOT
CAPITAL
CORPORATION

# EQUIPMENT FINANCE AGREEMENT (this or the "EFA")

EFA No.: [redacted] Date: 8/30/2021

| Creditor ("we," "us" and "our"): PATRIOT CAPITAL CORPORATION 3565 PIEDMONT ROAD NE BUILDING 1, SUITE 430 ATLANTA, GA 30305 | Debtor ("you" or "your"): IYS VENTURES, LLC 15416 S 70TH CT ORLAND PARK, IL 60462 | |
|---|---|---|
| **Equipment Supplier: See attached Schedule A** **Equipment Location: See attached Schedule A** | **Financed Equipment Description ("Equipment"): See Schedule A attached hereto and incorporated herein by this reference.** | |
| **Advanced Payment (if any): $16,614.54** **Security Deposit (if any): $0** **AMOUNT FINANCED: $272,183.89** | **Monthly Installment Payment (each a "Payment" or collectively the "Payments"): $8,307.27** | **Term: 36 (Months)** |

AGREEMENT. Creditor agrees to lend to Debtor and you agree to borrower from us an amount for the financing of the Equipment. You authorize us to pay the supplier(s) for the Equipment. This EFA shall not be effective and credit will not be extended or advanced to the Debtor or supplier(s) until: (1) this EFA is executed by the Debtor; (2) all guaranty agreements are executed by the guarantors; and (3) the original EFA and original guaranty agreements are received by Creditor and accepted in writing by an authorized representative of Creditor at its place of business. You authorize us to commence this EFA. You authorize us to insert or correct information in this EFA, including your proper legal name, address, serial numbers and any other information describing the Equipment. You acknowledge that the payment obligations hereunder have commenced notwithstanding that the Equipment may not been delivered, installed or accepted by you. Amounts received by us under this EFA shall be applied as we determine. Debtor promises to pay Creditor the Payments set forth above. Prior to or upon execution of this EFA, you will deliver to us the Advance Payment as set forth above, which you agree is non-refundable. Payments may be adjusted upward or downward no more than fifteen percent (15%) to reflect actual cost. The first Payment is due at the commencement of Creditor's applicable billing cycle as specified by the Creditor; each subsequent Payment is due on the same date of each preceding month until all Payments have been received by Creditor. Each date a Payment is due is a "Due Date." Along with the Payment due on the first Due Date, you also agree to pay to us interim payments in the amount equal to 1/30th of the monthly Payment multiplied by the number of days lapsing between the date on which the payment is made to supplier (either partial or full) and the agreed upon first Due Date (the "Interim Payment"). The Interim Payment shall be due upon execution of this EFA. Any amount not paid when due is subject to a late charge of fifteen percent (15%) of the delinquent amount or if less, the maximum charge allowed by law. You acknowledge and agree that you shall bear sole responsibility for and shall have no claim against and Lender shall have no liability in the event the Equipment is: (a) not delivered; (b) damaged during transit (c) not properly installed or functioning upon installation; (d) defective or otherwise fails to perform in accordance with Supplier's specifications; or (e) otherwise unacceptable to you for any other reason. The Security Deposit (if any) provided above is non-interest bearing and is to secure you performance under this EFA. The Security Deposit (if any) made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the Security Deposit to its full amount as set forth above. We may commingle the Security Deposit with other funds. If all conditions herein are fully complied with and provided you have not ever been in default of EFA, the Security Deposit will be refunded to you upon receipt of all payments due.

GRANT OF SECURITY INTEREST. You hereby grant us a perfected, first-priority purchase money security interest in the Equipment, all accession and additions thereto, replacements, repairs, upgrades or substitutions thereof, and all proceeds to secure all of your obligations under this EFA and all other obligations to us or our assigns now existing or hereinafter created. You authorize us to record a UCC-1 financing statement or similar instrument electronically or otherwise to show our interest in the Equipment. You agree to take any other action we request to protect our rights under this EFA from time to time and that we may report a copy of this Agreement as a financing statement. You will provide any landlord or mortgagee waiver we request to protect our interest in the Equipment. You authorize us as your agent and attorney-in-fact to endorse your name to any notes, checks, or other instruments for the payment of money relating to the Equipment (including insurance).

DISCLAIMER OF WARRANTIES AND CLAIMS. WE MAKE NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, TO ANY MATTER WHATSOEVER INCLUDING THE MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE THE EQUIPMENT. All references to "Equipment" shall include software and/or software licenses. Debtor understands that supplier may retain title to anything described as software or software licenses. Debtor acknowledges receiving a copy of any software license agreements and agrees to be bound by the terms and conditions of such licenses. WE MAKE ABSOLUTELY NO WARRANTY OF ANY KIND IN REGARDS TO SUCH SOFTWARE AND WE EXPRESSLY DISCLAIM ANY WARRANTY THAT NO PERSON HOLDS A CLAIM TO OR INTEREST IN ANY SOFTWARE OR LICENSE (NOT ARISING SOLELY FROM ANY ACT OR OMISSION BYLENDER) THAT WILL INTERFERE WITH DEBTOR'S ENJOYMENT OF ITS INTEREST IN THE LICENSE OR SOFTWARE. This EFA is irrevocable and may not be terminated by Debtor during the Term hereof for any reason whatsoever. **Your obligation to pay all amounts hereunder is non-cancellable, absolute, and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, even if the Equipment is damaged, destroyed or defective.** You acknowledge you selected the Equipment and the supplier and your supplier is not our agent, nor are we their agent. You acknowledge that no one, including the supplier, has been authorized to waiver or change any term or condition of this EFA. No representation by the supplier as to any matter shall bind us or affect your duty to pay all amounts and perform all obligations hereunder. You will continue to make all payments under this EFA regardless of any claim or complaint against the supplier. You will use the Equipment for commercial purposes only, in compliance with the law and not for any personal, family or household use.

EQUIPMENT. You will not modify or change the location of the Equipment without our proper consent and allow us to inspect it upon our request. At your expense, you will maintain the Equipment in good operating condition and repair. You will keep the Equipment free and clear of all liens and encumbrances.

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

PATRIOT CAPITAL CORPORATION

# EQUIPMENT FINANCE AGREEMENT (this or the "EFA")

EFA No.: [redacted] Date: 8/30/2021

Titled Equipment will be titled and/or registered as we direct. You are the owner of the Equipment and you are responsible for any damage or destruction to the Equipment. No such damage or destruction relieves you from the payment obligations under this EFA. You will promptly notify us in writing of any damage or destruction to the Equipment and you will, at our election, repair the Equipment at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term, discounted at the lower of 3% or the then current discount rate of the Federal Reserve Bank of Atlanta as calculated by us.

FEES AND TAXES. You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Equipment ("Taxes") and reimburse us for those Taxes we pay on your behalf. If we pay any of the above for you, you agree to reimburse us and pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code (UCC) or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You also acknowledge that in addition to the other obligations due under this EFA, we may assess and you may be required to pay additional taxes and/or fees including an invoice fee. Such fees may not only cover our costs, they may also include a profit.

INSURANCE. During the Term, you will maintain insurance in an amount not less than the replacement cost of the Equipment, as well as, commercial general liability and other forms of insurance, in each case with insurers reasonably acceptable to the Creditor, naming us loss payee and additional insured. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge. At our option, in lieu of obtaining or continuing insurance, we may require you to pay a monthly additional fee, which, on an annual basis, will not exceed two percent (2%) of the cost of the Equipment. This fee is not calculated with reference to additional risk nor constitutes additional profit for us, but represents the basis on which we are willing to forebear from exercising remedies and continue this EFA without required insurance. You will receive no insurance coverage and will not be released from any obligation under this EFA. **WE ARE NOT SELLING INSURANCE.** We will cease charging the additional fee or billing for insurance 30 days after you provide satisfactory proof of insurance and compliance with this section.

DEBTOR INDEMNIFICATION. You hereby agree to defend, indemnify and hold us and our agents, successors, assignees and employees harmless from any and all liability, damage, penalty, claims, actions, expenses, disbursements or loss, including attorneys' fees and court costs, arising out of or relating to this EFA, liabilities you have assumed hereunder, and the purchase, sale, financing, ownership, selection, installation, design, licensing, possession, operation, control, use, maintenance, servicing, repair, storage, shipment, transportation or delivery of the Equipment. The indemnities contained herein shall survive the expiration or other termination of this EFA.

DEFAULT AND REMEDIES. If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due; (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under any federal or state bankruptcy or insolvency law, or a trustee, receiver or liquidator is appointed for all or substantially all of your assets; (iii) you breach any other obligation contained in this EFA; (iv) you are in default under any other loan or finance agreement or lease or any other agreement, whether presently or hereafter held by us or our assignee; (v) a writ or order of attachment or execution or other legal process is levied on or charged against the Equipment which is not released or satisfied within 10 days; (vi) you consolidate with merge into, transfers all or substantially all of your assets, or have a change of control, to or with, another entity or individual; (vii) any statement, representation or warranty, whenever made, by or on behalf of you to us or our assigns was false or misleading when made; (viii) you give us, in our opinion, reasonable cause to doubt your willingness or ability to fully perform any of your obligations to us; or (ix) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any of the following: (a) terminate this EFA; (b) foreclose on our security interest and require you to immediately turn over the Equipment to us; or we may peaceably repossess the same without liability for trespass, and upon receipt of the Equipment, sell the Equipment at terms we determine at one or more private sales, and apply the net proceeds (after deducting any related expenses) to your payment obligations, and you will remain liable for any deficiency with any excess being retained by us; (c) declare all sums due and to become due hereunder immediately due and payable, all future Payments discounted at the lower of three percent (3%) or the then-current discount rate of the Federal Reserve Bank of Atlanta as calculated by us, plus interest thereafter at a rate of eight percent (8%) per annum, plus any other sums and/or damages; (d) sell, dispose of, hold, or lease the Equipment; (e) exercise any other right or remedy which may be available to us under applicable law, including, but not limited to rights and remedies available under Article 9 of the UCC. You shall reimburse us for all costs we incur in enforcing our rights (including our attorneys' fees) and costs of repossession, repair, storage and remarketing of the Equipment. A waiver of default will not be a waiver of any other subsequent default. Any delay or failure to enforce our rights under this EFA does not prevent us from enforcing any rights at a later time, and the exercise of any remedy shall not prevent the exercise of any other remedy.

GENERAL. **This EFA will be deemed fully executed and performed in the state of Georgia or the state of our assignee's principal place of business as this EFA may be assigned from time to time pursuant to this section.** This EFA shall be governed and construed under the laws of the State of Georgia (GA) or the laws of the state of our assignee's principal place of business, without reference to its principle of conflicts of laws. You submit to the jurisdiction of GA or the state of our assignee's principal place of business, and agree that the state and federal courts sitting in GA or any state or federal court sitting in the state of our assignee's principal place of business shall have the exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising under this EFA. You waive any objection based upon improper venue and/or forum non-conveniens. You agree that we will not be responsible to pay you any consequential or incidental damages for any default by us under this EFA. **You will not assign your rights under this EFA, or permit the Equipment to be used by anyone but you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now but they do not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set offs that you may have against us.** This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. Failure of Creditor to demand due performance of any provision of this EFA shall not be deemed a waiver thereof, and Creditor may demand such performance at any time. If any provision of this EFA is invalidated by a court, all other provisions shall remain in effect. You will promptly execute and deliver to us such further documents and take such further actions as we may request in order to carry out more effectively the intent and purpose of this EFA. You represent and warrant to us that (i) this EFA constitutes a legal, valid, and binding obligation, enforceable against you in

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

PATRIOT
CAPITAL
CORPORATION

EQUIPMENT FINANCE AGREEMENT (this or the "EFA")
EFA No.: [redacted] Date: 8/30/2021

accordance with its terms; (ii) you have the ability to perform all of your obligations under this EFA; and (iii) all information conveyed to us in connection with this EFA and all related documents (collectively with the EFA, the "EFA Documents"), whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts, which together shall be the same instrument. You agree to conduct business with Creditor electronically, which includes receiving and executing the EFA Documents by electronic means. The words "execution," "signed," "signature," and words of like import in or related to any of the EFA Documents and the transactions contemplated hereby (including amendments or other modifications, notices, waivers or consents associated with the EFA Documents) shall be deemed to include electronic signatures, the electronic matching of assignment terms and contract formations on electronic platforms approved by Creditor or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper-based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law, including the Federal Electronic Signatures in Global and National Commerce Act, the Georgia Uniform Electronic Transactions Act, or any other similar state laws based on the Uniform Electronic Transactions Act; provided that notwithstanding anything contained herein to the contrary, Creditor is under no obligation to agree to accept electronic signatures in any form or in any format unless expressly agreed to by Creditor pursuant to procedures approved by it. A copy of this EFA (whether delivered by facsimile, in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. All fees may not only cover our costs but may include a profit. As long as you are not in default under this EFA, you may repay this EFA by paying an amount equal to the sum of any and all remaining Payments and any and all other fees currently due and payable, including but not limited to any prepayment fees and/or taxes. If Debtor constitutes more than one person, the liability of each shall be joint and several. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor or Creditor (as the case may be) at its address set for above, or such other address given to the sender by written notice.

**By signing below, Debtor hereby certifies that you have reviewed and agree to all the terms and conditions contained in this EFA, irrevocably accepts the Equipment under the EFA, and irrevocably authorizes Creditor to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid binding act of the Debtor.**

| Debtor Name: IVS VENTURES, LLC | Accepted by PATRIOT CAPITAL CORPORATION |
|---|---|
| By: DocuSigned by: [signature] CB44BBB35FA24C2... | By: DocuSigned by: Sean Hardin 38851BB80A9B474... |
| Print Name and Title: MUWAFAK RIZEK - MANAGING MEMBER | Print Name and Title: Sean Hardin EVP |
| Date: 8/30/2021 | Date: 8/30/2021 |

Federal Tax ID: [redacted]

**INTERIM PAYMENT ACKNOWLEDGEMENT**

This purpose of this section is to summarize the topic of the Interim Payment (as defined above in the EFA). As stated within the AGREEMENT section of the EFA, you agree to pay Us or our assignees the Interim Payments in the amount equal to 1/30 of the monthly payment multiplied by the number of days lapsing between the date on which payment is made to supplier (either partial or full) and the agreed upon first Due Date.

I acknowledge that I have read and understand both the EFA and this Interim Payment Acknowledgement and agree to all terms and conditions herein and will pay any billed Interim Payment.

By: DocuSigned by: [signature] CB44BBB35FA24C2...

Print Name and Title: MUWAFAK RIZEK - MANAGING MEMBER

COPY


DocuSign Envelope ID: A2FC464D-5109-4A04-9552-C3FF8EB5C06E

DocuSign Envelope ID: C9D60E94-F80F-432D-8D39-3D0964890C91

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

PATRIOT
CAPITAL
CORPORATION

EQUIPMENT FINANCE AGREEMENT (this or the "EFA")
EFA No.: [redacted] Date: 8/30/2021

# STATEMENT OF AUTHORITY

CORPORATE, LIMITED LIABILITY COMPANY, OR PARTNERSHIP STATEMENT OF AUTHORITY

This Statement of Authority is executed pursuant to the Business Corporations Act, Limited Liability Company Act, Partnership Act (as the case may be) of the state of IL (insert the State of incorporation or registration) regarding IYS VENTURES, LLC (insert the name of Debtor) (the "Company" or the "Partnership").

The following persons are the Directors or Officers of the Company, the Members, Managers or Officers of the Company, or the General Partners of the Partnership (as the case may be) and have full power and authority to act on behalf of the Company or Partnership (as the case may be) and execute all instruments on behalf of the Company or Partnership (as the case may be) and to any contract, including, but not limited to, this Equipment Finance Agreement.

| Print Name | Title | Signature |
|---|---|---|
| MUWAFAK RIZEK | MANAGING MEMBER | X DocuSigned by: [signature] CB44BBB35FA24C2... |
| | | |

The authority of the foregoing persons to bind the Company or the Partnership (as the case may be) is not limited.

Debtor Name: IYS VENTURES, LLC

By: DocuSigned by: [signature] CB44BBB35FA24C2...

Print Name and Title: MUWAFAK RIZEK - MANAGING MEMBER

Date: 8/30/2021

COPY VIEW

<u>EXHIBIT 2</u>
UCC FILINGS





SECRETARY OF S
UNIFORM COMM. CO
2021 SEP -1 AM 8:04

UCU109/01/21:01:9320:
20.00 MU
SOSIL 08:40 27634281 FS

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC 1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscglobal.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

2175 82772 - 8/31/2021
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Illinois (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME IYS Ventures, LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 15416 South 70th Court | CITY Orland Park | STATE IL | POSTAL CODE 60462 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME The Huntington National Bank | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS 1405 Xenium Lane North (PCC 180) | CITY Plymouth | STATE MN | POSTAL CODE 55441 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
All equipment, inventory, software and other personal property described on the Equipment List or Invoice(s) attached to this financing statement (the "Property"), together with all accessories, attachments, parts, repairs, upgrades, additions, and replacements attached thereto or incorporated therein; all software embedded in or acquired in an integrated transaction with the Property, all modifications, additions and replacements thereto and any substitutions therefor; and all proceeds of any of the foregoing, including without limitation all insurance proceeds, rents, cash, accounts, instruments and chattel paper related thereto or arising therefrom. The collateral described in this financing statement is within the scope of Article 9 of the Uniform Commercial Code as adopted in the State where it is filed.

+1

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 001-0846217-501 :app 456404

2175 82772

**THIS IS A COPY**
This is a copy view of the Authoritative Copy held by the designated custodian

# SCHEDULE A

EFA No.: 456404 Date: 8/30/2021

This Schedule "A" is to be attached to and become part of Equipment Finance Agreement (the "EFA") **#456404** dated **August 30, 2021,** between as ("Debtor") **IYS VENTURES, LLC** and ("Creditor") **PATRIOT CAPITAL CORPORATION.** The equipment as generally described herein (the "Equipment") may require a future amendment or modification. Creditor and Debtor agree that a more detailed description of said Equipment shall be maintained by Creditor among our books and records in whatever more detailed description of the Equipment being financed is received from the supplier of such Equipment and, absent manifest error, such detailed description shall be considered incorporated into this Schedule A and the EFA and shall be provided to Debtor within a reasonable time upon request.

## SUPPLIER – DESCRIPTION OF THE EQUIPMENT

**EQUIPMENT LOCATION:** 1001 W IRVING PARK RD, ELGIN, IL 60120

**SUPPLIER:** B&K EQUIPMENT - 2939 E 175TH ST, LANSING, IL 60438
**SUPPLIER:** MINNESOTA PETROLEUM SERVICE, INC. - 682 39TH AVE. NE, MINNEAPOLIS, MN 55421

**EQUIPMENT DESCRIPTION:** All equipment and attachments referenced in Quote:
*B&K EQUIPMENT QUOTE #0000417665 DATED: 8/18/2021*

## VERIFICATION

This Schedule A is hereby verified as correct by the undersigned, who acknowledges receipt of a copy. The date of the EFA set forth above shall be for identification purposes only and shall not be construed to imply that the EFA was executed on any date other than as provided therein.

DEBTOR: IYS VENTURES, LLC

X: DocuSigned by: [signature] CB44B8...A24C2...

SIGNATURE: MUWAFAK RIZEK

MANAGING MEMBER

TITLE:

8/30/2021

DATE:

NOTE: SIGNER OF THIS SCHEDULE A MUST BE SAME AS ON FRONT OF THE EFA.

COPY VIEW

DocuSign Envelope ID: C9D60E94-F80F-432D-8D39-3D0964890C91

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian



2939 175th St. Lansing, IL 60438
Tel 708-474-3344 Fax 708-474-33
www.bkequip.com

**QUOTE # 0000417665**

To: MARATHON
1001 W IRVING PARK
STREAMWOOD IL 60120

Prepared By: Michael Devries
mike@bkequip.com
708-269-7379

Date: 8/18/2021

Attn: Muwafak (Moe) Rizek

| Quantity | Description | Each | Total |
|---|---|---|---|
| 2.00 | Wayne Ovation2 B12/3, E25/B20 Compatibility, 3+0 product blender (Marathon - CAP)<br>Single hose outlet per side, EMV Card Reader, iX EPP Keypads<br>InOvation TV Media platform with 10.4" screen and no annual fees*<br>Wayne Tap Contactless NFC Reader for Mobile Payments/Wallets<br>Junction Box, Speaker in dispenser, Valance | 13,809.00 | 27,618.00 |
| 2.00 | Wayne Ovation2 B23/4, E25/B20 Compatibility, 3+1 diesel product (Marathon - CAP)<br>Dual hose outlet per side, EMV Card Reader, iX EPP Keypads<br>InOvation TV Media platform with 10.4" screen and no annual fees*<br>Wayne Tap Contactless NFC Reader for Mobile Payments/Wallets<br>Junction Box, Speaker in dispenser, Valance | 14,875.00 | 29,750.00 |
| 8.00 | Sets of standard hoses, nozzles, breakaway's & swivels (Black, UNL) | 215.00 | 1,720.00 |
| 4.00 | Sets of standard hoses, nozzles, breakaway's & swivels (Green, DSL) | 215.00 | 860.00 |
| 6.00 | Custom Ovation Dispenser Mounting Plate (4 Mounting/2 Covering) | 250.00 | 1,500.00 |
| 4.00 | Freight | 325.00 | 1,300.00 |
| 1.00 | Installation - B&K Equipment will remove and dispose of six (6) existing dispensers and install, start-up and purge four (4) refurbished Wayne dispensers using existing piping and conduit. B&K will cover the two (2) island boxes with plates that are not getting new dispensers.<br>(Conduit to be free and clear and re-usable)<br>B&K will upgrade Verifone Commander to the latest EMV software<br>B&K will install customer provided firewall if necessary) | 8,200.00 | 8,200.00 |
| 1.00 | Calibration | 600.00 | 600.00 |

TERMS:
Upon acceptance of this proposal, a deposit of $40,000 is due as a down payment
Remainder of equipment, tax & freight due upon shipment from manufacturer(s)
Installation costs due one (1) week prior to installation

Notes:
- Proposal is good for 30 days.
- Proposal does not include any product removal from tank, tank cleaning or underground piping work.
- Proposal does not include any island, dispenser sump, or shear valve remediation.
- Any extended network troubleshooting are not included in this proposal and will be charged as time and material
- Any wire pull, additional electrical services, and/or troubleshooting out of the normal scope of installation will be charged on a time and material basis.
- Manufacturer will invoice B & K Equipment upon shipment of equipment
- If remainder of invoice is not paid in full within 10 days of receipt of equipment in our warehouse, it will be returned to manufacturer, and the customer will forfeit their deposit and pay the restocking charge.
- Invoice will arrive in advance of equipment receipt in our warehouse
- All prices are subject to applicable tax or surcharge
- *Valid InOvation TV Media Agreement must be signed by dealer prior to dispensers being ordered
- Two year parts and labor warranty on dispensers
- Delivery of equipment is estimated at 4-6 weeks

| | |
|---|---|
| Subtotal: | $71,548.00 |
| SC/ST: | $4,608.60 |
| **Total Proposal:** | **$76,156.60** |

SIGNED: ACCEPTED: DATE:

I have examinied this proposal and agree to the items or specifications above along with the terms and conditions as detailed on the reverse.

*Petroleum Industry Sales, Service and Installation*

COPY VIEW



**THIS IS A COPY**
This is a copy view of the Authoritative Copy held by the designated custodian

**SCHEDULE A**

EFA No.: 456404 Date: 8/30/2021

This Schedule "A" is to be attached to and become part of Equipment Finance Agreement (the "EFA") **#456404** dated **August 30, 2021,** between as ("Debtor") **IYS VENTURES, LLC** and ("Creditor") **PATRIOT CAPITAL CORPORATION.** The equipment as generally described herein (the "Equipment") may require a future amendment or modification. Creditor and Debtor agree that a more detailed description of said Equipment shall be maintained by Creditor among our books and records in whatever more detailed description of the Equipment being financed is received from the supplier of such Equipment and, absent manifest error, such detailed description shall be considered incorporated into this Schedule A and the EFA and shall be provided to Debtor within a reasonable time upon request.

## SUPPLIER – DESCRIPTION OF THE EQUIPMENT

**EQUIPMENT LOCATION:** 304 E. COLLEGE DRIVE, MARSHALL, MN 56258

**SUPPLIER:** B&K EQUIPMENT - 2939 E 175TH ST, LANSING, IL 60438
**SUPPLIER:** MINNESOTA PETROLEUM SERVICE, INC. - 682 39TH AVE. NE, MINNEAPOLIS, MN 55421

**EQUIPMENT DESCRIPTION:** All equipment and attachments referenced in Proposal:
*MINNESOTA PETROLEUM SERVICE QUOTE/PROPOSAL #MN004, DATED: 8/11/2021*

## VERIFICATION

This Schedule A is hereby verified as correct by the undersigned, who acknowledges receipt of a copy. The date of the EFA set forth above shall be for identification purposes only and shall not be construed to imply that the EFA was executed on any date other than as provided therein.

DEBTOR: IYS VENTURES, LLC

X DocuSigned by: C844BBB36FA24C2...

SIGNATURE: MUWAFAK RIZEK

MANAGING MEMBER

TITLE:

8/30/2021

DATE:

NOTE: SIGNER OF THIS SCHEDULE A MUST BE SAME AS ON FRONT OF THE EFA.

**THIS IS A COPY**
This is a copy view of the Authoritative Copy held by the designated custodian

# Minnesota Petroleum Service

682 39th Avenue NE
Columbia Heights, MN 55421
Phone: 763-780-5191 Fax: 763-780-5472
Contact: Dave Salwasser; Cell: 612-840-6630
www.mnpetro.com

# Proposal

| | |
|---|---|
| Date: | August 11, 2021 |
| Valid Until | December 1, 2021 |
| Quote #: | Revised for Price Increase |

| Customer |
|---|
| Iys Ventures Imart Stores |
| (Cross America Partners Pricing) |
| 15416 S 70th Ct, Orland Park, IL 60462 |
| Moe (716-417-1144) |
| moerizek@gmail.com |

| Job Site Address & Project Description |
|---|
| **Freedom - MN0004, 304 E Collage Dr, Marshall, MN 56258** |
| Dispenser Replacement |

| Part Number | Equipment / Materials | Quantity | Price | Total |
|---|---|---|---|---|
| B23/4 | **Wayne Ovation2 Blender Dispenser 2-hoses per side, 3-inlet 87/93-DSL 4-grades 87/89/93+DSL.** Includes iX Pay Secure Payment Platform with Encrypted Pin Pads and Secure EMV Hybrid Card Readers, IOTV Media Package with 10.4" color screens, media speaker, and 3-year warranty on media components, Wayne TAP Contactless/NFC reader, Junction Box, Secure Door Locks, Graphics, 2-year warranty on hydraulics, electronics, and printers. (Cross America Partners Pricing). NOTE - does not include the BP Valance. Those must be ordered through the BP Jobber and will be extra. | 4 | $ 13,959.00 | $ 55,836.00 |
| | **Dispenser Freight** | 4 | $ 325.00 | $ 1,300.00 |
| | AvaLAN wireless in-dispenser radio for EMV/Media communication | 4 | $ 658.00 | $ 2,632.00 |
| | AvaLAN wireless in-store radio & external antenna for EMV/Media communication | 1 | $ 754.00 | $ 754.00 |
| | **Misc Steel Fittings for dispenser swap out** | 4 | $ 175.00 | $ 700.00 |
| | OPW Nozzle/Hose/Swivel/Breakaway/Splashguard Kits (Cross America Partners Pricing) | 16 | $ 167.05 | $ 2,672.00 |
| | | | Subtotal | $63,894.00 |
| | | | County | Lyon |
| | | | Sales Tax Rate | 7.375% |
| | | | Sales Tax | $4,712.18 |
| | | | **Equipment Total** | $68,606.18 |

| Labor | Estimated Scope of Work | Quantity | Price | |
|---|---|---|---|---|

COPY VIEW

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

| | | | | |
|---|---|---|---|---|
| Construction/Technician | Construction to remove 4 old dispensers and dispose of properly. Set 4 new Ovation2 dispensers and anchor to existing islands. Connect to existing product lines and shear valves. Technician to install new nozzle/hose kits and purge lines, start up, program to existing POS, program the prompts for IOTV, install the in-store DFS wireless unit and program it to the in-dispenser DFS wireless units for EMV/Media communication, turn outdoor EMV on, and place system in service. *NOTE - existing islands, bollards, and shear valves are to remain in place and used. Any repairs or replacements will be extra.* | 1 | $3,938.00 | $ 3,938.00 |
| | Construction and Service Travel, Mileage, Mobilization - NOTE Marshall, Mitchell, and Watertown to be done in the same trip. Includes Hotel and Per Diem for 3 nights, for 3 guys | 1 | $1,376.00 | $ 1,376.00 |
| | If site needs to change from the Freedom network to the a different network (Amoco, BP, Marathon, etc.) add $398.00 for that labor to download that network software to the existing POS. We will need network setup sheets, Merchant ID numbers , and all related network paperwork. *NOTE - the site will be down for all credit card transactions for 4-5 hours.* | | | |
| Electrical | Disconnect 3 dispensers. Connect 3 new Ovation2 dispensers using existing wiring and conduits. Install external AvaLAN antenna. *NOTE - does not include pulling new dispenser wiring, new e-stop systems, or new isolation switches. Those will be extra if required.* Includes travel. Based on doing Marshall, Mitchell, and Watertown on the same trip. | 1 | $4,382.00 | $ 4,382.00 |
| | Dispenser Payment Terms - a 50% down payment invoice on dispensers only will be sent out upon order approval. The remaining dispenser 50% will be billed out upon shipment. The rest of the project will be billed out Net 30 Days upon job completion. **NOTE - if any island replacement or re-routing of piping is requested it will require new dispenser sumps and possibly new tank sumps. Pricing will be provided upon request.** | | | |

**Payment Terms and Instructions**

Once signed, please Fax, mail or e-mail it to the provided address.

Minnesota Petroleum Service, Inc., reserves the right to remove any and all equipment supplied or installed, should final and full payment not be received with terms set forth on this proposal. Payment Terms - Net 30 Days. 25% down payment required to order equipment.

Any changes to the scope of work, additional services, or unforeseen issues will require pricing and negotiation in good faith by both parties.

| | |
|---|---|
| Labor Sub Total | $9,696.00 |
| Labor Total | $9,696.00 |
| **TOTAL Equip. & Labor** | **$78,302.18** |

COPY



DocuSign Envelope ID: C9D60E94-F80F-432D-8D39-3D0964890C91

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# SCHEDULE A

EFA No.: 456404 Date: 8/30/2021

This Schedule "A" is to be attached to and become part of Equipment Finance Agreement (the "EFA") **#456404** dated **August 30, 2021,** between as ("Debtor") **IYS VENTURES, LLC** and ("Creditor") **PATRIOT CAPITAL CORPORATION.** The equipment as generally described herein (the "Equipment") may require a future amendment or modification. Creditor and Debtor agree that a more detailed description of said Equipment shall be maintained by Creditor among our books and records in whatever more detailed description of the Equipment being financed is received from the supplier of such Equipment and, absent manifest error, such detailed description shall be considered incorporated into this Schedule A and the EFA and shall be provided to Debtor within a reasonable time upon request.

## SUPPLIER – DESCRIPTION OF THE EQUIPMENT

**EQUIPMENT LOCATION:** 1715 US ROUTE 41, SCHERERVILLE, IN 46375

**SUPPLIER:** B&K EQUIPMENT - 2939 E 175TH ST, LANSING, IL 60438
**SUPPLIER:** MINNESOTA PETROLEUM SERVICE, INC. - 682 39TH AVE. NE, MINNEAPOLIS, MN 55421

**EQUIPMENT DESCRIPTION:** All equipment and attachments referenced in Quote:
*B&K EQUIPMENT QUOTE #0000417690, DATED: 8/18/2021*

## VERIFICATION

This Schedule A is hereby verified as correct by the undersigned, who acknowledges receipt of a copy. The date of the EFA set forth above shall be for identification purposes only and shall not be construed to imply that the EFA was executed on any date other than as provided therein.

COPY VIEW

DEBTOR: IYS VENTURES, LLC

X DocuSigned by: CB44BBB35FA24C2...

SIGNATURE: MUWAFAK RIZEK

MANAGING MEMBER

TITLE:

8/30/2021

DATE:

NOTE: SIGNER OF THIS SCHEDULE A MUST BE SAME AS ON FRONT OF THE EFA.

DocuSign Envelope ID: C9D60E94-F80F-432D-8D39-3D0964890C91

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

2939 175th St. Lansing, IL 60438
Tel 708-474-3344 Fax 708-474-33
www.bkequip.com

**QUOTE # 0000417690**

To: BP
1715 US ROUTE 41
SCHERERVILLE IN 46375

Prepared By: Steve Lane
steve.lane@bkequip.com
708-735-0205

Date: 8/18/2021

UCU109/01/21:01:9320:
20.00 MU
SDSIL 08:40 27634281 FS

Attn: Muwafak (Moe) Rizek

| Quantity | Description | Each | Total |
|---|---|---|---|
| 7.00 | Wayne Ovation2 B12/3, E25/B20 Compatibility, 3+0 product blender (BP - CAP)<br>Single hose outlet per side, EMV Card Reader, IX EPP Keypads<br>InOvation TV Media platform with 10.4" screen and no annual fees*<br>Wayne Tap Contactless NFC Reader for Mobile Payments/Wallets<br>Junction Box, Speaker in dispenser, No Valance | 13,809.00 | 96,663.00 |
| 14.00 | Sets of standard hoses, nozzles, breakaway's & swivels (Black, UNL) | 215.00 | 3,010.00 |
| 7.00 | Freight | 325.00 | 2,275.00 |
| 1.00 | Installation - B&K Equipment will remove and dispose of seven (7) existing dispensers and install, start-up and purge seven (7) new Wayne dispensers using existing piping and conduit.<br>(Conduit to be free and clear and re-usable)<br>B&K will upgrade Verifone Commander to the latest OEMV software<br>B&K will install customer provided Firewall (if necessary) | 8,200.00 | 8,200.00 |
| 1.00 | Calibration | 600.00 | 600.00 |

TERMS:
Upon acceptance of this proposal, a deposit of $60,000 is due as a down payment
Remainder of equipment, tax & freight due upon shipment from manufacturer(s)
Installation costs due one (1) week prior to installation

Notes:
- Proposal is good for 30 days
- Site has Hunter Islands - any alteration or damage to islands during installation will not be the responsibility of B&K
- Site will reuse existing valances
- Proposal does not include any product removal from tank, tank cleaning or underground piping work.
- Proposal does not include any island, dispenser sump, or shear valve remediation.
- Any extended network troubleshooting are not included in this proposal and will be charged as time and material
- Any wire pull, additional electrical services, and/or troubleshooting out of the normal scope of installation will be charged on a time and material basis.
- Manufacturer will invoice B & K Equipment upon shipment of equipment
- If remainder of invoice is not paid in full within 10 days of receipt of equipment in our warehouse, it will be returned to manufacturer, and the customer will forfeit their deposit and pay the restocking charge.
- Invoice will arrive in advance of equipment receipt in our warehouse
- All prices are subject to applicable tax or surcharge
- *Valid InOvation TV Media Agreement must be signed by dealer prior to dispensers being ordered
- Two year parts and labor warranty on dispensers
- Delivery of equipment is estimated at 4-6 weeks

COPY VIEW

| | |
|---|---|
| Subtotal: | $110,748.00 |
| SC/ST: | $6,977.11 |
| **Total Proposal:** | **$117,725.11** |

SIGNED: ACCEPTED: DATE:

I have examinied this proposal and agree to the items or specifications above along with the terms and conditions as detailed on the reverse.

*Petroleum Industry Sales, Service and Installation*

2021 AUG 16 AM 8:12

UCU108/16/21:01:7922:
20.00 MU
SOSIL 08:38 27571883 FS

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC 1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscglobal.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

2164 81835 - 8/12/2021
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Illinois (S.O.S.)

CSC

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME IYS Ventures, LLC | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| 1c. MAILING ADDRESS 15416 South 70th Court | CITY Orland Park | STATE IL | POSTAL CODE 60462 | COUNTRY USA | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME The Huntington National Bank | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS 11100 Wayzata Blvd. Ste 801 | CITY Minnetonka | STATE MN | POSTAL CODE 55305 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
All equipment, inventory, software and other personal property described on the Equipment List or Invoice(s) attached to this financing statement (the "Property"), together with all accessories, attachments, parts, repairs, upgrades, additions, and replacements attached thereto or incorporated therein; all software embedded in or acquired in an integrated transaction with the Property, all modifications, additions and replacements thereto and any substitutions therefor; and all proceeds of any of the foregoing, including without limitation all insurance proceeds, rents, cash, accounts, instruments and chattel paper related thereto or arising therefrom. The collateral described in this financing statement is within the scope of Article 9 of the Uniform Commercial Code as adopted in the State where it is filed.

+4

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 001-0846217-500 :app 452862

2164 81835

PATRIOT
CAPITAL
CORPORATION

**THIS IS A COPY**
**This is a copy view of the Authoritative Copy held by the designated custodian**

## SCHEDULE A

EFA No.: 452862 Date: 8/2/2021

This Schedule "A" is to be attached to and become part of Equipment Finance Agreement (the "EFA") **#452862** dated **August 2, 2021**, between as ("Debtor") **IYS VENTURES, LLC** and ("Creditor") **PATRIOT CAPITAL CORPORATION**. The equipment as generally described herein (the "Equipment") may require a future amendment or modification. Creditor and Debtor agree that a more detailed description of said Equipment shall be maintained by Creditor among our books and records in whatever more detailed description of the Equipment being financed is received from the supplier of such Equipment and, absent manifest error, such detailed description shall be considered incorporated into this Schedule A and the EFA and shall be provided to Debtor within a reasonable time upon request.

### SUPPLIER – DESCRIPTION OF THE EQUIPMENT

**EQUIPMENT LOCATION:** 9171 UNION CENTRE BLVD, WEST CHESTER, OH 45069
**SUPPLIER:** ENVIRONMENTAL COMPLIANCE TECHNOLOGIES - 13953 PROGRESS PARKWAY, NORTH ROYALTON, OH 44133

**EQUIPMENT DESCRIPTION:** All equipment and attachments referenced in Quote:
*ENVIRONMENTAL COMPLIANCE TECHNOLOGIES – QUOTE #072021-AM2 DATED: 7/20/2021*

### VERIFICATION

This Schedule A is hereby verified as correct by the undersigned, who acknowledges receipt of a copy. The date of the EFA set forth above shall be for identification purposes only and shall not be construed to imply that the EFA was executed on any date other than as provided therein.

DEBTOR: IYS VENTURES, LLC
X
DocuSigned by:
CB44BBB35FA24C2...
SIGNATURE: MUWAFAK RIZEK
PRESIDENT
TITLE:
8/11/2021
DATE:

COPY VIEW

NOTE: SIGNER OF THIS SCHEDULE A MUST BE SAME AS ON FRONT OF THE EFA.

DocuSign Envelope ID: B95AC7AC-7B68-4BBF-A1E6-C3E962D80E47

**THIS IS A COPY**
**This is a copy view of the Authoritative Copy held by the designated custodian**

COPY VIEW

## SCHEDULE A

EFA No.: 452862 Date: 8/2/2021

This Schedule "A" is to be attached to and become part of Equipment Finance Agreement (the "EFA") **#452862** dated **August 2, 2021**, between as ("Debtor") **IYS VENTURES, LLC** and ("Creditor") **PATRIOT CAPITAL CORPORATION**. The equipment as generally described herein (the "Equipment") may require a future amendment or modification. Creditor and Debtor agree that a more detailed description of said Equipment shall be maintained by Creditor among our books and records in whatever more detailed description of the Equipment being financed is received from the supplier of such Equipment and, absent manifest error, such detailed description shall be considered incorporated into this Schedule A and the EFA and shall be provided to Debtor within a reasonable time upon request.

## SUPPLIER – DESCRIPTION OF THE EQUIPMENT

**EQUIPMENT LOCATION:** 30812 DETROIT RD, WESTLAKE, OH 44145
**SUPPLIER:** ENVIRONMENTAL COMPLIANCE TECHNOLOGIES - 13953 PROGRESS PARKWAY, NORTH ROYALTON, OH 44133

**EQUIPMENT DESCRIPTION:** All equipment and attachments referenced in Quote:
*ENVIRONMENTAL COMPLIANCE TECHNOLOGIES – QUOTE #072021-AM DATED: 7/20/2021*

## VERIFICATION

This Schedule A is hereby verified as correct by the undersigned, who acknowledges receipt of a copy. The date of the EFA set forth above shall be for identification purposes only and shall not be construed to imply that the EFA was executed on any date other than as provided therein.

DEBTOR: IYS VENTURES, LLC

X DocuSigned by: CB44BBB35FA24C2...

SIGNATURE: MUWAFAK RIZEK

PRESIDENT

TITLE:

8/11/2021

DATE:

NOTE: SIGNER OF THIS SCHEDULE A MUST BE SAME AS ON FRONT OF THE EFA.

DocuSign Envelope ID: B95AC7AC-7B68-4BBF-A1E6-C3E962D80E47

**THIS IS A COPY**
This is a copy view of the Authoritative Copy held by the designated custodian

# QUOTE

| Date | Quote # |
|---|---|
| 7/20/2021 | 072021-AM |

ect
Environmental Compliance Technologies

| Bill To |
|---|
| I MART STORES, LLC- BP<br>30812 DETROIT AVE.<br>WESTLAKE, OHIO 44145<br>ATTN: MOE RIZEK |

| Description | Qty | Cost | Total |
|---|---|---|---|
| Ovation2 B12/3- 3+0 Blenders, 5.7" Display, iXPay Secure Keypad, iXPay Secure EMV Card Reader-Gen5, J-Box, Speaker, Wayne Tap NFC Reader - BP Bright Green Beacon Spec. | 8 | 15,032.16 | 120,257.28T |
| WAYNE IOTV MEDIA OPTION: UPGRADE SCREEN TO 10.4" COLOR DISPLAY, MEDIA GATEWAY, WAYNE CONNECT – REQUIRES 6YR CONTRACT FOR IOTV | 1 | 0.00 | 0.00T |
| Freight Charge | 8 | 275.00 | 2,200.00T |
| INSTALLATON (PLUMBING, ANCHORING, START-UP, PROGRAMMING, AND CALIBRATION) | 8 | 1,500.00 | 12,000.00T |
| ELECTRICAL- TERMINATION OF WIRES USING EXISTING CONDUIT AND WIRE- IOTV | 8 | 250.00 | 2,000.00T |
| VERIFONE COMMANDER UPGRADE ENABLE OEMV | 1 | 950.00 | 950.00T |
| CONDITIONS AND ADDITONS:<br>- EXISTING DISPENSER ISLANDS, IMPACT VALVES, BRACKETS, RELAYS, AND HANGING HARDWARE MUST BE REUSEALBE.<br>- EXISTING ELECTRICAL CONDUITS AND WIRES MUST BE RE-USEABLE.<br>- CUSTOMER MUST HAVE APPROVED MNSP ROUTER, AND MANAGED SWITCH ON SITE PRIOR TO INTALLATION. | | | |
| | **Sales Tax (8.0%)** | | |
| | **Total** | | |

COPY VIEW

**13953 Progress Parkway**
**North Royalton, Ohio 44133**
**1-866-870-TEST (8378)**

DocuSign Envelope ID: B95AC7AC-7B68-4BBF-A1E6-C3E962D80E47

**THIS IS A COPY**
This is a copy view of the Authoritative Copy held by the designated custodian

# QUOTE

| Date | Quote # |
|---|---|
| 7/20/2021 | 072021-AM2 |

ect
Environmental Compliance Technologies

UCU108/16/21:01:7922:
20.00 MU
SOSIL 08:38 27571883 FS

**Bill To**

IYS- BP
9171 UNION CENTER BLVD.
WEST CHESTER TWP., OHIO 45069
MOE RIZEK

| Description | Qty | Cost | Total |
|---|---|---|---|
| Gilbarco Encor3 700S, 5.7" Display, EPP, FLEX PAY IV EMV Card Reader system, Speaker, and NFC Reader<br>- BP Bright Green Beacon Spec. | 8 | 18,496.40 | 147,971.20T |
| APPLAUSE OPTION: UPGRADE SCREEN TO 10.4" COLOR DISPLAY, AND BCRM | 1 | 0.00 | 0.00T |
| Freight Charge | 8 | 275.00 | 2,200.00T |
| INSTALLATON (PLUMBING, ANCHORING, START-UP, PROGRAMMING, AND CALIBRATION) | 8 | 1,850.00 | 14,800.00T |
| ELECTRICAL- TERMINATION OF WIRES USING EXISTING CONDUIT AND WIRE- APPLAUS | 8 | 2,675.00 | 21,400.00T |
| VERIFONE COMMANDER UPGRADE ENABLE OEMV | 1 | 1,275.00 | 1,275.00T |
| CONDITIONS AND ADDITIONS:<br>- EXISTING DISPENSER ISLANDS, IMPACT VALVES, BRACKETS, RELAYS, AND HANGING HARDWARE MUST BE REUSEALBE.<br>- EXISTING ELECTRICAL CONDUITS AND WIRES MUST BE RE-USEABLE.<br>- CUSTOMER MUST HAVE APPROVED MNSP ROUTER, AND MANAGED SWITCH ON SITE PRIOR TO INTALLATION.<br>- EXISTING WAYNE SINGLE PRODCUT DIESEL DISPENSERS WILL REMAIN. | | | |
| | **Sales Tax (8.0%)** | | |
| | **Total** | | |

COPY VIEW

**13953 Progress Parkway**
**North Royalton, Ohio 44133**
**1-866-870-TEST (8378)**